UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM GLEASON,

    Plaintiff,

v.                                            Case No. 2:09-cv-110
                                                HON. ROBERT HOLMES BELL

MANUEL CARTER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff William Gleason, an inmate currently confined at the Marquette Branch Prison (MBP), filed this amended *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against five Corrections Officers of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Manuel Carter, Matthew Cody, Anthony Laurin, Rickie Majurin, and David Tianen, all of whom are employed at MBP.

Plaintiff's complaint alleges that on March 24, 2008, Defendants Laurin and Tianen stopped Plaintiff from beating a Corrections Officer and placed Plaintiff in handcuffs in C-Block at MBP. Defendants Laurin and Tianen turned Plaintiff over to other officers, including Defendant Carter, who escorted him to E-Block. Defendants Laurin and Tianen did not leave C-Block and did not escort Plaintiff to E-Block. Plaintiff claims that once in E-Block, Defendants Carter, Cody, and Majurin, along with other officers, chained him inside a cell and beat him until he was nearly unconscious.

Plaintiff claims that Defendants' actions violated his rights under the Eighth Amendment to the United States Constitution. Plaintiff is suing Defendants in their individual and official capacities and is seeking compensatory and punitive damages, as well as declaratory relief.

Presently before the Court is the Motion for Summary Judgment filed by Defendants Laurin and Tianen pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response to Defendants' Answer (docket #64), but has failed to file a response to the motion for summary judgment within the time allowed. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendants Laurin and Tianen violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id*.

To prevail on an excessive force claim, Plaintiff must show that force was not "applied in a good-faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In an excessive force claim, the two pronged subjective/objective inquiry that the Eighth Amendment usually requires collapses to the simple subjective question of the state of mind of those using force. *Hudson*, 503 U.S. at 9 (stating "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated"). Thus to survive summary judgment, Plaintiff must proffer evidence that Defendants Laurin and Tianen maliciously and sadistically used force to cause harm.

Defendants Laurin and Tianen maintain that they did not have sufficient personal involvement to be held liable because they did not cause any physical harm to Plaintiff. In support of this assertion, Defendants Laurin and Tianen offer excerpts from Plaintiff's deposition testimony:

Q: So you're saying there was no struggle whatsoever with Officer Laurin and Officer Tianen; is that what you're saying?

A: No, there was no struggle at that time at all.

Q: They never had to wrestle you to the floor?

A: Never. I got down on my own free will. They didn't even want to put me on the floor. It was because somebody downstairs had yelled up to them to put me down.

Q: You never had - they weren't - when they - well, do you know who it was that cuffed you, Officer Laurin or Officer Tianen?

A: I believe it was Tianen because he said that Laurin was coming, he didn't have cuffs. So I believe that when Laurin got there, he handed Tianen the cuffs, I believe. But I was already laying down on the thing at that time. It was just those two officers that cuffed me up.

Q: So they - neither Tianen nor Laurin, they never had to jump on your back or wrestle you to the ground or do anything to get you off of Officer Robinson; correct?

A: They had to do nothing whatsoever. They didn't harm me in anyway in stopping the thing. All's he did was say my name and it brought me back to my senses. Stepped over to the railing, put my chest against the railing - because it's a double railing, and I put my chest to the railing and he held onto my fingers until the officer come up with the handcuffs.

* * *

Q: Did Laurin - at least as far as you know, did Laurin and Tianen ever leave C unit to escort you to E unit?

A: No.

      Q: They never - as far as you know, they never even showed up in E unit; is that correct?

      A: As far as I know, they did not.

(Exhibit F, pp 24-25, 27-28, Gleason Dep.).

Given such testimony, there is no dispute that Defendants Laurin and Tianen did not actually apply any force. Moreover, Plaintiff attests that he was not harmed while in the custody of Defendants Laurin and Tianen, but was injured after they turned him over to other officers for transfer to segregation. (Docket #63.) Plaintiff also attests that he was assaulted by Sergeant Carter and makes no mention of either Defendant Lauren or Defendant Tianen with regard to the assault. (Docket #68.) Accordingly, there is no factual issue as to whether Defendants Laurin and Tianen each maliciously and sadistically used force to cause harm. Accordingly, Defendants Laurin and Tianen are entitled to summary judgment on Plaintiff's excessive force claims.

Nor can Plaintiff show that Defendants Laurin and Tianen violated his rights under the Eighth Amendment when they allowed other officers to escort him to segregation. Defendants Laurin and Tianen assert that if Plaintiff is asserting such a claim, they are entitled to qualified immunity because "[a] theory of *respondeat superior* is insufficient to state a claim under Section 1983." (Brief in Support of Defendants Laurin and Tianen's Motion for Summary Judgment, at 3.)

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his

conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.*

In determining whether a defendant is entitled to qualified immunity, "[t]he ultimate burden of proof is on [the plaintiff] to show that [the defendants] are not entitled to qualified immunity." *Wegener v. City of Covington*, 933 F.2d at 392. (6th Cir. 1991). Further, "[w]hen ruling on qualified immunity, the district court should indicate the clearly established right at issue and the factual basis for its conclusion that a genuine issue exists as to the commission of acts violating that right." *Id.* (citing *Poe v. Haydon*, 853 F.2d 418, 423-24, 426 (6th Cir.1988)).

The Eighth Amendment "prohibits conduct by prison officials that involves the unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) "It has been widely held that the unjustified striking, beating, or infliction of bodily harm upon a prisoner by a correctional officer gives rise to liability under 42 U.S.C. § 1983." *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir.1986). Plaintiff does not claim that Defendants Laurin or Tianen physically assaulted him or that they witnessed his being assaulted. Even if an officer does not

employ excessive force himself, he can still be held liable if he owes the victim a duty of protection against the use of deadly excessive force by other officers. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir.1997). To prevail on a "failure to protect" claim, Plaintiff must show: "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Id*. However, there were no cases in the Sixth Circuit "where a nonsupervisory officer who was not present at the scene or did not actively participate in a constitutional deprivation was held liable for the failure to prevent the constitutional violation from occurring." *Smoak v. Hall*, 460 F.3d 768, 784-85 (6th Cir.2006). In this case, there is no evidence that Defendants Laurin and Tianen were present during the scene of the alleged assault, that they actively participated in the alleged assault, or that they knew Plaintiff would be assaulted if they allowed the other officers to escort him to segregation.

Even if Defendants Laurin and Tianen were responsible for supervising the officers who escorted Plaintiff to segregation, they would still be entitled to qualified immunity. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id*. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id*. The Six Circuit has explained that " § 1983 liability must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999), *cert. denied*, 530 U.S. 1264 (2000). "Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300." At a minimum a plaintiff must show that the

official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. Because Plaintiff has made no such showing, Defendants Laurin and Tianen are entitled to qualified immunity and summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to the motion for summary judgment filed by Defendants Laurin and Tianen. Accordingly, it is recommended that the motion (docket #58) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:  July 14, 2011